UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREN MORGAN, JR.** : | **DOCKET NO. 2:20-cv-01623** |
| D.O.C.. # 484269 | | **SECTION P** |
| **VERSUS** : | |
| | | **JUDGE JAMES D. CAIN, JR** |
| **MEDICAL STAFF MEMBER** : | |
| **CALCASIEU PARISH** | | |
| **CORRECTIONAL CENTER, ET AL** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint [doc. 8] filed pursuant to 42 U.S.C. § 1983 by plaintiff Darren Morgan, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

### I.
### BACKGROUND

At the time of the filing of his petition, Morgan was an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Calcasieu Parish Correctional Center in Lake Charles, Louisiana. On May 6, 2021, the undersigned ordered Morgan to complete service packets for each of the named defendants and return same to the Clerk of Court by June 7, 2021. Doc. 12. Morgan has not returned the completed service packets. Moreover, the Court's order was returned on May 17, 2021, marked "Not Deliverable as Addressed - Unable to Forward - Released or Transferred - Return to Sender." Docs. 13, 14. Morgan did not inform the Court of an address change.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Morgan has failed to comply with an Order directing him to complete and return service packets for each of the named defendants. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Petitioner did not inform the Court of an address change within thirty days of his release or transfer.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Anderson's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of July, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE